# GOLDBERG *v*. DAYTON.

PATENTS; INTERFERENCE; REDUCTION TO PRACTICE.

In an interference proceeding involving the invention of a carbureter having means for locking manually operated devices with an auxiliary air inlet valve, it was *held* that the construction of one of the parties claimed to be a reduction to practice did not read on the issue because it had no separate means for locking the valve when closed, while the evidence showed that the other party successfully reduced to practice prior to his rival's conception and actual reduction to practice.

No. 943.   Patent Appeals.   Submitted March 8, 1915.   Decided March 29, 1915.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.      *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an interference proceeding having the following issue in three counts:

"1. A carbureter including in combination a fuel nozzle, a main air inlet, an auxiliary air inlet, a valve for controlling said auxiliary air inlet, manually operated devices for holding said auxiliary air inlet valve closed against movement under the suction stroke of the engine, and means for locking said manually operated devices with said valve in closed position.

"2. A carbureter including in combination a fuel nozzle, a main air inlet, an auxiliary air inlet, a spring controlled valve for controlling said auxiliary air inlet, an arm and manually controlled means for moving said arm against said valve for holding the same from movement under the suction stroke of the engine, and yielding means operating to hold said arm in contact with the valve.

"3. A carbureter including in combination a fuel nozzle, a main air inlet, an auxiliary air inlet, a valve for controlling said auxiliary air inlet, and manually operated means for locking itself in position, when operated, to hold said auxiliary air inlet valve closed against movement under the suction stroke of the engine and manually operable to release the auxiliary valve."

James M. Dayton filed his application December 1st, 1910, claiming conception, disclosure, and reduction to practice February 1st, 1909. John S. Goldberg filed March 9, 1911, claiming conception, disclosure, and reduction to practice April 1st, 1908.

The Examiner of Interferences found that Dayton had conceived the invention of count 1 in the summer of 1909, but had not shown reduction to practice. He awarded priority to Goldberg on all three counts.

On an appeal to the Examiners in Chief they reversed the Examiner of Interferences as to count 1, awarding priority to Dayton as to that count, and affirming the award of 2 and 3 to Goldberg.

. The Commissioner of Patents affirmed this decision on appeal.

Dayton has taken no appeal from the Commissioner, and counts 2 and 3 are finally determined. Goldberg appeals from the award of count 1 to Dayton.

*Messrs. Brown, Hanson, & Boettcher* for the appellant.

*Messrs. Sturtevant & Mason* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The Commissioner held that Goldberg's construction of 1908 does not read on count 1 because it has no separate means for locking the value when closed. The invention is specific and narrow. The count originated with Dayton, and follows his

disclosure. We concur in the reasoning of the Commissioner on this point.

Goldberg did not conceive a device answering all of the counts until June 10, which was reduced to practice about April 15, 1910. Dayton testified to work done on a Breese carbureter early in 1909, including the features of the auxiliary valve; but the proof of this is not of a character to establish it. He, however, made another device in the summer of 1909, which was operated successfully on a motor car during that summer, and until replaced by an improved carbureter in the spring of 1910. Weston's testimony shows that this carbureter had all the requisites of count number 1. He described it as follows:

"In the regular air opening is a pin which carries a lever bent in such form to come in contact with the plunger on the spring case when operated by a wire which extended through to the front of radiator on the automobile, and while this lever was held in contact with the plunger it held the auxiliary valve closed. There was also a spring attached which released said lever when the wire was unhooked from the front of the radiator. There was a bent piece of wire bent in such form as to hook over the front of the radiator and hold the air valve closed with a spring interposed between the carbureter and the radiator to allow this lever to come in contact with the plunger, and at the same time the wire would be always taut."

His testimony shows that the carbureter worked satisfactorily all of this time on Weston's car. This reduction to practice of the invention of the count antedated the conception and reduction to practice by Goldberg in 1910, and entitles Dayton to the award.

We find no error in the final decision, and it is affirmed.

The clerk will certify this decision to the Commissioner of Patents, as required by law.       *Affirmed.*

Petition for rehearing overruled April 17, 1915.